**PIONEER HI–BRED INTERNATIONAL, INC., Plaintiff,**

v.

**J.E.M. AG SUPPLY, INC., d/b/a Farm Advantage, Inc., et al., Defendants.**

**No. C 98–4016–MWB.**

United States District Court, N.D. Iowa, Western Division.

Jan. 29, 1999.

Daniel J. Cosgrove, Zarley, McKee, Thomte, Voorhees & Sease, P.L.C., Des Moines, IA, for Pioneer Hi-Bred International, Inc.

Bruce Johnson, Steven P. DeVolder, Lewis, Wesbster, Johnson, Van Winkle and DeVolder, Des Moines, IA,for Farm Advantage.

Mark R. Sargis, Mauck, Bellande & Cheely, Chicago, IL, for Ottawa Plant Food, Inc.

## MEMORANDUM OPINION AND ORDER REGARDING DEFENDANTS' MOTION FOR STAY PENDING APPEAL

BENNETT, District Judge.

This matter comes before the court pursuant to the "Farm Advantage" defendants' November 20, 1998, motion to stay proceedings pending appeal to the Federal Circuit Court of Appeals. Defendant Ottawa Plant Food, Inc., filed a separate motion for a stay on January 22, 1999, joining in and supplementing the arguments asserted by the Farm Advantage defendants. Plaintiff Pioneer resisted the motion of the Farm Advantage defendants on December 7, 1998, and that of Ottawa on January 25, 1999. The court heard oral arguments thereon on January 26, 1999. Ottawa then filed a reply to Pioneer's resistance to its motion on January 28, 1999.

Plaintiff Pioneer Hi–Bred International, Inc., is the world's largest seed corn producer and the holder of seventeen patents-in-suit for sexually reproducing corn plants. Pioneer sells products under these patents under a limited label license that does not allow for resale, but solely for use "to produce grain and/or forage." Principal defendant Farm Advantage is a family-owned full service agricultural supply business. The other "Farm Advantage" defendants are corporations or residents of the state of Iowa who are distributors for Farm Advantage. Defendant Ottawa is also in the agricultural supply business. Pioneer brought this patent infringement lawsuit against the defendants alleging that they have been infringing one or more of its patents-in-suit by making, using, and selling, or offering for sale Pioneer seed corn, although none of the defendants is a party to any dealer contract with Pioneer. The defendants have asserted counterclaims alleging invalidity of Pioneer's patents, because the defendants contend that sexually reproducing plants, such as the ones covered by the patents-in-suit, are not patentable under 35 U.S.C. § 101 of the Patent and Trademark Act, but are instead covered exclusively by the Plant Variety Protection Act of 1970 (PVPA), 7 U.S.C. § 2321 et seq.

On August 19, 1998, Senior Judge Donald E. O'Brien denied the Farm Advantage defendants' motion for summary judgment.[1] The key question before Judge O'Brien at that time was whether or not the PVPA is the exclusive federal statutory mechanism for granting patent-like protection for sexually reproducing plants to the exclusion of the general patent law. Judge O'Brien concluded that the PVPA was not the exclusive source of protection for sexually reproducing plants. On August 31, 1998, he amended and clarified that ruling and certified it, as amended, for interlocutory appeal to the Federal Circuit Court of Appeals. The Federal Circuit Court of Appeals has agreed to hear the appeal. Therefore, the defendants have now moved for a stay pending the outcome of the appeal.[2] This case was reassigned to the undersigned on November 3, 1998.

Defendants assert that a stay pending appeal is appropriate, because the appeal is dispositive of all issues in the case, and the question on appeal is at least "fairly debatable." They assert further that they will be subjected to irreparable harm without a stay, because they are small businesses who will be damaged by the burdens and expense of continuing defense of this lawsuit. More particularly, they assert that continued litigation of this lawsuit while the appeal is pending will force continued and wider disclosure of confidential business information and other unduly burdensome discovery if Pioneer ultimately has no claim. Ottawa asserts that the potential damage to it is still more significant, because it has not yet been forced to reveal any of its confidential information in discovery. In contrast, the defendants argue that if Pioneer prevails, damages will still be available after resolution of the appeal to redress any wrongs, and Pioneer cannot now claim urgency of such a remedy when it essentially sat on its rights for several years

---

1. Defendant Ottawa was not a party to the lawsuit at that time.

2. Although defendant Ottawa is not a party to the appeal, it asserts its interest in a stay pending the outcome of the appeal is similar to that of the Farm Advantage defendants.

after learning of unlicensed sales of its seed corn by these defendants without filing suit. Finally, the defendants contend that the public interest will be served by a stay, because the public interest favors protecting small defendants from the litigation onslaught of a huge company during the pendency of an appeal to determine whether the huge company even has a claim. Ottawa also asserts that the public interest will be served by fostering rather than suppressing price competition in the agricultural products market.

Pioneer, on the other hand, asserts that the defendants have no likelihood of success on their appeal, because Pioneer characterizes the applicability of 35 U.S.C. § 101 to sexually reproduced plants as well settled. Pioneer hypothesizes that the Federal Circuit Court of Appeals has taken the appeal in this case not to overturn or limit prior precedent, but to settle the issue once and for all. Pioneer also contends that irreparable harm to the patent *owner*—here, the non-movant Pioneer—can be presumed if the owner can make a showing of infringement and patent validity, while the harm to the defendants— the movants—arising from being compelled to continue responding to discovery and to disclose confidential information is simply part of the price the defendants pay for wrongful conduct. Pioneer also states that disclosure of confidential information in discovery is not a cognizable harm, because in the unlikely event that the appeal disposes of Pioneer's claims, any confidential information, which is currently protected from general disclosure by a protective order, will be returned. As to public interest, Pioneer contends that the relative size of the litigants is irrelevant. Instead, the public interest favors respect for patent rights and continuation of actions to enforce such rights. Pioneer also argues that the public interest favors continued discovery to protect its patent rights, because licensed distributors—and ultimately consumers—who are not part of this litigation are harmed by sales of pirate seed.

In a reply brief by the Farm Advantage defendants and a brief in support of its own motion for a stay by Ottawa, the defendants contend that a recent decision of the Federal Circuit Court of Appeals and recent statutory amendments demonstrate the difference in scope for plant protection between patent law and the PVPA. They assert further that Pioneer has mischaracterized the import of other precedent. Thus, the defendants argue that the law is not so settled in Pioneer's favor as Pioneer contends, and hence they have some likelihood of success on appeal. They also claim that there is minimal likelihood of harm to Pioneer if the case is stayed, because all defendants undertake not to sell Pioneer seed until resolution of this case, but there is serious likelihood of harm to the defendants from protracted discovery that may ultimately be mooted by a decision in their favor on appeal.

■ The court assumes that on the question of whether to stay a matter pending appeal, an essentially procedural question, the law of our regional circuit rather than that of the Federal Circuit Court of Appeals is applicable. *See Dethmers Mfg. Co., Inc. v. Automatic Equip. Co.*, 23 F.Supp.2d 974, 988 (N.D.Iowa 1998) (noting that the Federal Circuit Court of Appeals has repeatedly held that if issues are not unique to its exclusive jurisdiction—such as appeals of patent law issues—it will defer to the law of the regional circuit in which the district court sits, citing *inter alia Pro-Mold & Tool Co., Inc. v. Great Lakes Plastics, Inc.*, 75 F.3d 1568, 1574 (Fed. Cir.1996), although also recognizing that there is no simple dichotomy between procedural and substantive questions). However, the court recognizes the impact of substantive law within the exclusive appellate jurisdiction of the Federal Circuit—specifically, patent law—on the question of the defendants' likelihood of success on the merits, and on that question, at least, this court will look to Federal Circuit law. *See id.*

As the Eighth Circuit Court of Appeals has explained,

We consider the following four factors in determining whether a stay [pending appeal] is warranted: (1) the likelihood that a party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest

in granting the stay. *See Arkansas Peace Center v. Dep't of Pollution Control,* 992 F.2d 145, 147 (8th Cir.1993), *cert.· denied,* 511 U.S. 1017, 114 S.Ct. 1397, 128 L.Ed.2d 70 (1994); *Wisconsin Gas Co. v. F.E.R.C.,* 758 F.2d 669, 673–74 (D.C.Cir.1985), *cert. denied,* 476 U.S. 1114, 106 S.Ct. 1968, 1969, 90 L.Ed.2d 653 (1986).

*Iowa Utilities Bd. v. F.C.C.,* 109 F.3d 418, 423 (8th Cir.1996); *accord Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987). Indeed, the Federal Circuit Court of Appeals considers identical factors. *See, e.g., Standard Havens Prods. v. Gencor Indus.,* 897 F.2d 511, 512 (Fed.Cir. 1990) (in considering whether to grant a stay pending appeal, the Federal Circuit Court of Appeals considers the traditional stay factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.").

In evaluating the first factor—likelihood of the movant's success on appeal—"the petitioner[ ] 'need not establish an absolute certainty of success.' " *Iowa Utilities Bd.,* 109 F.3d at 423 (quoting *Population Inst. v. McPherson,* 797 F.2d 1062, 1078 (D.C.Cir. 1986)). "Instead, as the actual terms of the test indicate, the petitioner[ ] must show that [it is] 'likely' to succeed on the merits." *Id.* What is sufficient to satisfy this prong, therefore, is a "strong argument" favoring the petitioner's position on appeal. *Id.; see also Arkansas Peace Ctr.,* 992 F.2d at 147 (considering whether the petitioner has "raised serious and substantial legal issues in th[e] appeal[ ]"). As to the second prong of the analysis, "[i]n order to demonstrate irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Id.* at 425 (citing *Packard Elevator v. I.C.C.,* 782 F.2d 112, 115 (8th Cir.1986), *cert. denied,* 484 U.S. 828, 108 S.Ct. 98, 98 L.Ed.2d 59 (1987), in turn quoting *Wisconsin Gas,* 758 F.2d at 673–74).

■ Although it is a very close question, the court concludes that the defendants have made the necessary showing to obtain a stay in this case. The court's review of the precedent upon which the parties rely to show their relative likelihood of success on appeal suggests that the likelihood of success on appeal weighs in favor of Pioneer. *See, e.g., Diamond v. Chakrabarty,* 447 U.S. 303, 100 S.Ct. 2204, 65 L.Ed.2d 144 (1980) (the scope of patent law extends to "include anything under the sun that is made by man"). However, the defendants' position on appeal is not without foundation. *See, e.g., Imazio Nursery, Inc. v. Dania Greenhouses,* 69 F.3d 1560 (Fed.Cir.1995) (distinguishing between the coverage of patent law for a sexually produced plants and the coverage of the PVPA for sexually reproduced plants), *cert. denied,* 518 U.S. 1018, 116 S.Ct. 2549, 135 L.Ed.2d 1069 (1996); Plant Patent Amendments Act of 1998, 112 Stat. 2780, Pub. Law 105–289 (providing greater patent protection for a sexually reproducing plants "to make the protections provided under [Title 35] more consistent with those provided breeders of sexually reproducing plants under the Plant Variety Protection Act"). Thus, although not convinced that the defendants have a "strong argument" on appeal, *see Iowa Utilities Bd.,* 109 F.3d at 423 (requiring a "strong argument" to satisfy the likelihood of success factor), consideration of this factor does not weigh against a stay pending appeal.

What is particularly persuasive here is the defendants' showing on the second prong of the analysis, irreparable harm to the *movant.* The defendants asserted in their moving papers that such harm arises from the burdens of responding to continued discovery. Again, "[i]n order to demonstrate irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Id.* at 425 (citing *Packard Elevator,* 782 F.2d at 115, in turn quoting *Wisconsin Gas,* 758 F.2d at 673–74). Although it is reasonably "certain" that the defendants will bear some burden from continued discovery in this action during the pendency of the interlocutory appeal, it is not "certain" that responding to discovery will result in

*"harm"* that is *"certain* and *great* and of *such imminence* that there is a clear and present need for equitable relief." *Id.* (emphasis added). There are other protections within the Federal Rules of Civil Procedure to prevent a party from being subjected to unduly burdensome discovery. *See, e.g.,* FED. R. CIV. P. 26(b)(2) & (c). In light of such protections, the court does not believe that there "is a clear and present need for equitable relief," *Iowa Utilities Bd.,* 109 F.3d at 425, to protect defendants from the "harm" of continued discovery.

However, at oral arguments, the defendants clarified—or the court achieved a better understanding of—precisely the "irreparable harm" the defendants fear. It is not so much the burdens of discovery, or even a fear of disclosure of confidential information in discovery, which can be controlled by a protective order. It is instead indirect disclosure of sources of supply—plainly confidential business information—that would be publicly disclosed if Pioneer names those sources of supply as additional defendants. This is the process whereby Ottawa was brought into the lawsuit. The defendants argued strenuously, and the court is persuaded, that disclosure of sources of supply in this fashion would legally circumvent any protective order and would work irreparable harm on the defendants. The defendants stress that their business is as "middlemen" in providing agricultural supplies and that customers could simply bypass them if their own sources of supply were generally known. Because the Federal Rules of Civil Procedure governing discovery cannot protect the defendants from such indirect disclosures of otherwise confidential business information, the court concludes that the defendants have demonstrated a *"harm"* that is *"certain* and *great* and of *such imminence* that there is a clear and present need for equitable relief." *Id.* (emphasis added). Thus, this factor ultimately weighs in favor of a stay.

Turning to other factors, the court agrees with Pioneer that there is some "prospect that others will be harmed if the court grants the stay," *see id.* at 423 (third factor), because the rights of licensed distributors of Pioneer seed may be undermined. However,

the urgency of this harm is considerably mitigated by Pioneer's failure, for several years, to act to stop the flow of unlicensed seed sales after learning of such sales by Farm Advantage beginning in 1994. Pioneer's further argument that the patent cause of action for "offering for sale" is quite new is undermined by its own assertion that there were and are various non-patent theories on which it could have and could still pursue litigation against persons engaged in unauthorized seed sales. Thus, the court finds that this factor weighs but very lightly against a stay.

Finally, the court turns to the "public interest in granting the stay." *See id.* (fourth factor). Pioneer argues that the public interest actually favors *denying* the stay, because a stay would undermine the public interest in protection of patent rights. The defendants offer three public interests that they argue offset any interest in protection of patent rights and favor a stay in this case. First, they assert the public interest in protecting small businesses from the litigation onslaught of a corporate giant. Second, they argue that the public interest favors protecting them from indirect disclosures of confidential business information that could destroy their businesses. Third, Ottawa asserts the public interest in protecting price competition in the agricultural supply business as offsetting Pioneer's interest in protecting its patent rights.

As to the interest in protecting the defendants from Pioneer's perceived size advantage in this litigation, the court finds that the Federal Rules of Civil Procedure pertaining to discovery are designed, in part, to ensure that a party with greater resources to pursue litigation does not abuse that position to disadvantage a party with fewer resources. *See, e.g.,* FED. R. CIV. P. 1 (requiring that the rules be "construed and administered to secure the just, speedy, and inexpensive determination of every action"); FED. R. CIV. P. 26(b) (providing protection from unduly burdensome discovery). The court is confident that ongoing discovery in this matter could be administered in this fashion. Furthermore, the relative importance of the public interest in price competition (asserted by

Ottawa) versus the public interest in patent rights has already been resolved in favor of protecting patent rights, as demonstrated by enactment of the Patent and Trademark Act.

Nonetheless, there is a significant "public interest in granting the stay." *Iowa Utilities Bd.*, 109 F.3d at 423, offsetting the public interest in vindication of patent rights. That public interest is in not destroying an entity's business through indirect disclosures of confidential business information, which could occur if sources of supply are disclosed in discovery, then simply named as additional defendants. As the court observed above, the *Federal Rules of Civil Procedure* do not provide an adequate shield against such harm. Furthermore, the public interest asserted by Pioneer in vindication of patent rights is also largely protected by the defendants' undertaking not to sell Pioneer seed during the pendency of this litigation. Thus, this final factor—the public interest in granting the stay—also weighs in favor of a stay.

The court concludes that the defendants have met their burden to show that a stay of these proceedings pending appeal is appropriate, albeit just barely. Therefore, the motions to stay proceedings pending appeal to the Federal Circuit Court of Appeals filed by the Farm Advantage defendants on November 20, 1998, and by defendant Ottawa on January 22, 1999, are **granted. All proceedings** in this matter, including further discovery, **are hereby stayed** pending disposition of the appeal to the Federal Circuit Court of Appeals of Judge O'Brien's summary judgment ruling.

**IT IS SO ORDERED.**